## Harris v. Harris, Jr.

(Decided March 15, 1918.)

## Appeal from Floyd Circuit Court.

Limitation of Actions—Husband and Wife—Proceeding to Subject Land of Wife to Debt.—Where proceedings were taken under an execution by a creditor to subject land conveyed to a debtor's wife more than five years before the execution was levied, the wife's plea of five years' limitation is not avoided by the fact that the creditor attacked the conveyance to the wife as fraudulent in another suit filed within three years after the deed was made.

HARKINS & HARKINS for appellant.

MAY & MAY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

In 1908 the appellee, John W. Harris, Jr., recovered a judgment against his uncle, John W. Harris, Sr., for $143.04, which was not paid. On June 25, 1914, John W. Harris, Jr., caused an execution to issue upon his judgment, which was levied upon a tract of land on Brandy Keg Creek in Floyd county, as the property of John W. Harris, Sr.

On July 15, 1914, Rosa Harris, the wife of John W. Harris, Sr., instituted this action against John W. Harris, Jr., and the sheriff, claiming that she owned the land levied upon, and asking that the sheriff be enjoined from selling it under the execution issued against her husband.

By his answer Harris, Jr., charged that the land had belonged to Harris, Sr., at the time the judgment was rendered against him, and that by his deed recorded January 26, 1909, Harris, Sr., had conveyed the land in question to his wife Rosa Harris without consideration and for the purpose of defrauding his creditors, including Harris, Jr. He asked that the conveyance to appellant be set aside and that the land be sold to pay his debt.

The reply traversed the answer, and further interposed a plea of five years' limitation as a bar against the right of Harris, Jr., to disturb the conveyance. By his rejoinder Harris, Jr., traversed the plea of limitation and alleged that this action was brought within five years after the discovery of said fraudulent deed, and

that he could not sooner have discovered said fraud, by the exercise of reasonable diligence.

In support of the plea of avoidance, Harris, Jr., further alleged in his rejoinder that in 1909 Rosa Harris had sued him in the Floyd circuit court to quiet her title to the tract of land now in controversy; and, that in his answer to that suit, filed January 29, 1909, he attacked her deed of January 6, 1909, from her husband, as being fraudulent and void and as having been executed for the fraudulent purpose of cheating the creditors of Harris, Sr., and that said action was still pending and undetermined.

In his original answer and counterclaim filed in this action Harris, Jr., alleged that the levy and sale mentioned in the suit instituted in 1909 by Rosa Harris to quiet her title to the land in question was a levy and sale of a dower interest only which Harris, Jr., had bought from the widow of Morgan Burchatt for which he bid $30.00, but that he never got possession of the land, because Harris, Sr., resisted his claim and kept him out of his possession until the death of the widow had terminated the dower interest which Harris, Jr., had bought under the levy and sale above mentioned.

Harris, Jr., filed the record of said original suit of 1909 which consisted of the petition and answer, as a part of his answer in this case, and asked that the two actions be consolidated and heard together. No order consolidating the cases or hearing them together was ever entered although the judgment speaks of them as "these consolidated cases." The court dismissed the petition and subjected the land to the payment of the debt of Harris, Jr. Rosa Harris appeals.

Unquestionably the voluntary conveyance of the land in question by Harris, Sr., to his wife Rosa by the deed of January 6, 1909, was fraudulent and void as against the appellee's unsatisfied prior judgment; and, the judgment so treating it was correct, unless the plea of limitation constituted a barrier to its enforcement. Kentucky Statutes, section 1907, 2515.

That Harris, Jr., had actual notice of the deed as early as Jan. 29, 1909, when he attacked it as fraudulent in the first action, is established by the attack. The execution sought to be enjoined in this action was levied June 25, 1914, more than five years thereafter. In the meantime Rosa Harris had remained in the undisturbed possession of the land under a deed adequate in form

for more than five years after Harris, Jr., had both actual and constructive notice of the existence of the deed.

Harris, Jr., seeks, however, to avoid the effect of the plea by showing that he had attacked the deed as fraudulent in the first suit brought by Rosa Harris in 1909, which was within three years after the deed was recorded. But the suit of 1909 was to quiet appellant's title of a cloud cast thereon by the sale of an alleged dower interest in her land, which, if it ever existed, has long since terminated.

The plea of limitation here interposed is offered as a bar to appellee's proceeding under the execution of June 25, 1914. It is no answer to the plea of limitation aimed at the execution of 1914 to say that appellee attacked the deed in a different suit in 1909. It is unimportant, in this case, what may be the rights of Harris, Jr., under his purchase of the dower interest which was the subject of the suit of 1909. That record will speak for itself.

As before stated there is no order consolidating the two cases or hearing them together; but if we should treat the two cases as consolidated or heard together, we fail to see how appellee's charge of fraud made in the original action of 1909 can avail him anything as an avoidance of the plea of limitation interposed to the enforcement of the execution of June 25, 1914. It follows, therefore, that the plea of limitation must prevail and that the circuit court erred in disregarding it.

Judgment reversed with instructions to the circuit court to grant the prayer of the petition.